and we'll call our next case. Coombs v. DiGuglielmo, et al., and that is Ms. Lorber and Mr. Williams. Whenever you're ready. Thank you, Your Honor. May it please the Court, Molly Lorber, on behalf of the Philadelphia District Attorney's Office for the Appellate, I'd like to reserve five minutes for rebuttal. That's fine. The District Court erred in three ways here. First, it held that it could both accept the magistrate judge's credibility determination that the prosecutor testified truthfully and nonetheless find a Batson violation. That was error. Second, the District Court held that it could find a Batson violation on the basis of the prosecutor's purported... What did the District Court do wrong here, in your view? I mean, in terms of how the District Court went about. You had a magistrate's report that found the former prosecutor credible and the judge, you said, you know, accepted that technically but went around it. What should the Court have done if the Court wished to deal with this matter in a way that would be procedurally acceptable? Well, under both Boyd and Hill, this Court's precedence in Boyd and Hill, the magistrate judge would have been required to hold, or excuse me, the District Court would have been required to hold its own hearing in order to grant case-based relief to Mr. Coombs. Because, as seemingly the District Court's opinion failed to recognize, the question of whether or not the prosecutor intentionally discriminated is the type of credibility determination and finding a fact that simply can't be made on a full record. Are the due process concerns different in a case like Hill where it's the defendant's credibility that's being assessed as opposed to a Batson case like this where it's the prosecutor's? Well, I think as a technical matter, you know, the due process clause affords due process to individuals, not to Commonwealth. Right. So, it's not quite the same due process concern, Your Honor, but there are others. So does Hill then not apply because the issues and concerns were different there than they are here? I would argue no, Your Honor, because under Boyd, even if Hill is arguably not directly on point because the aggrieved party was an individual in Hill as opposed to the Commonwealth, in Boyd, this Court used the same reasoning as was applied in Hill to say that even where the aggrieved party was, in other words, the party where the magistrate judge held a hearing and found for the Commonwealth, the reasoning of Hill still applied. So, also disturbing in, I said, I have 3 points. The 2nd is that the district court held that it could find a Batson violation on the basis of the prosecutor's. Subliminal bias, and this is error. Neither the Supreme Court or this court has ever held that an equal protection violation can be established. By a demonstration of disparate impact or some sort of accidental, unknowing discrimination. Under Batson, Kunz was required to demonstrate that the prosecutor intentionally struck Juror No. 1 because of his race where he otherwise would have accepted him. Is credibility the be-all and end-all for that or does the district court have to look at all the surrounding facts as well as the prosecutor's assertion about what he was or she was saying? Well, Your Honor, I think the ultimate determination is one of credibility and the way that you get at that is by looking at all of the surrounding facts. In other words, how is a magistrate judge or a district court holding a hearing supposed to judge the prosecutor's credibility? Well, it's supposed to say, do I find this assertion believable in light of all the other evidence of record as well as this person's demeanor here before me? But the ultimate question is still the same. The ultimate question is, do I believe this person standing here before me? So, I guess what I'm asking is, in the commonwealth's view, Step 3 of Batson is credibility and credibility is Step 3. Is that the sum and substance of it? Yes, Your Honor. And I think that our position is supported by the Supreme Court's opinion in Hernandez. Hernandez says that the question of whether a prosecutor's race-neutral explanation for a preemptory challenge should be believed is the decisive question in a Batson analysis. And so, you know, whether you're using the word credible or believe, it's the same question. What do you want us to do? Do you want us to remand? Do you want us to reinstate the magistrate judge's report and recommendation? What do you want us to do? Instead of a remand, I should say. Ideally, Your Honor, what we're looking for is to remand with instructions that the district court deny relief in light of the magistrate judge's dispositive factual finding. So the court in that instance would have the ability then to bring Mr. Kramer before her, or whoever the judge is, and assess that person's credibility directly. Is that correct? Well, obviously we would prefer a remand for a new hearing to losing. And certainly a new hearing is the only way that Mr. Coons can prevail in this matter, at least under the precedent of this court in Hill and Boyd. But it's also our position that there should be some reason for making the parties have another hearing. Having another hearing just because the district court doesn't like the result seems unfair to the Commonwealth. No one has pointed to anything that was wrong with the hearing that was conducted by the magistrate judge. I do not know. But one could venture a guess that in light of the remand that we did in the Coons 1 case, where there was some questioning about Juror 1 in particular, that the judge here read what the magistrate had done in the report and recommendation, perhaps looked at some of the background, and decided there were still questions with respect to that, and decided that there are other ways in which to deal with this. The question then becomes whether Hill and Boyd require that judge to have an evidentiary hearing. And in effect, if that's correct, you must have an evidentiary hearing if you want to overrule a report and recommendation of a magistrate judge. Isn't that the most you can really get is a remand to whoever is assigned to this? Because I know in Boyd we assigned a different judge. I don't know if we necessarily need to do that. We'll talk about it. Don't you really have to give that judge the ability to take a look at it again? Well, as I said, Your Honor, certainly we'd prefer that to losing as the current opinion stands. As we used to say back where I grew up, ain't no doubt about it. Correct, Your Honor, but we think that this court may not have considered in Hill and in Boyd the practical and policy considerations that might govern against granting a new evidentiary hearing, at least in this particular case. Because? Well, I think if this court gives Mr. Coombs a do-over, Mr. Coombs, excuse me, a do-over, the Commonwealth respondents would be placed in the position of potentially needing to object to having these hearings before magistrate judges in the first place. It is much more of a burden to have these hearings on the limited resources of the state actors here than I think many people realize. Isn't this a narrower case because it does not apply? Yes, Your Honor. Let me make sure that I understood your question. The rule in this case will not be that broad because AEDPA does not apply. I now understand what you mean, Your Honor. Yes, this opinion could be narrowed in that it would deal only with cases where AEDPA was not applied. But the other problem here is that the first opinion in Coombs never undertook an analysis, a separate analysis under Section E2, to determine whether an evidentiary hearing was warranted. And that may be in part because the parties didn't brief it. It wasn't apparent that that was where things were headed. And also, Collin v. Penholster had not yet come out. And Collin v. Penholster, the Supreme Court's opinion there, makes clear that even where you're engaging in an over-review, in other words, Section D1 of the AEDPA does not apply, Section E2 still contains a separate vitality. So I see that my time is up. So I think that it is possible that the ruling here could have a broader implication than your initial question suggests, Your Honor, because even though we're dealing with a situation where there's been over-review, we still have the other question of whether a hearing is warranted in the first place under E2. Let me ask, if I may, one quick question because I want to ask it of Mr. Williams as well. Should it make a difference to us that the district court here has already said on the record that it accepts, and I'll say, I want to quote from page 17 of this slip of paper, the prosecutor's credible testimony supports only a finding that he subjectively believes he did not and would not strike a juror because of the juror's race. In other words, if the court has accepted that, what would the purpose of remand be? That's my question to you and I'm going to put that to Mr. Williams too. Right, and it's our position, Your Honor, that the district court simply made a legal error here. It's our position that if one accepts that the prosecutor subjectively believes he did not and would not strike a juror because of the juror's race. It's game up. That's the end of the Batson analysis. And there's not a factual thing to be fleshed out at another hearing, is that right? That's correct, Your Honor. Thank you very much. Thank you. We'll get you back on rebuttal. Mr. Williams. Hello to the court. My name is Leon Williams. I represent Wayne Coombs at Aptly. I think the key to this case is actually what the prosecutor said. Well, the key is whether there should have been an evidentiary hearing under Section 2254E2. Do you mind if, and this may take you out of where you intended to start, Mr. Williams, I apologize, but the last question that I asked, Ms. Warbur, if you'd start with that. If the district court says, and it did say the prosecutor testified credibly that he subjectively believes he did not and would not strike a juror because of the juror's race, if the court accepts that that is credible testimony, what purpose would there be in a remand, assuming we agreed with the Commonwealth, that you can't have the district court overruling a credibility finding the way the court did here? Well, I think that's what I was trying to get to. I think the district court was right. If you look at what he said, he simply said that he just didn't like the juror and that he doesn't really have a single reason. He said that at the trial. But you've got to go through the magistrate judge. The magistrate judge made a finding that the person was credible. If there is to be an attack on Mr. Kramer, further attack, doesn't Hill and our in-bank decision in Boyd require that the district judge put an evidentiary hearing in place before that district judge? I don't think so, Your Honor. How do you get around Boyd? I mean, I can't get around it. It's in the bank. I looked at all the cases from Raddiff. How do you get around Boyd? That's 2009. In the Boyd case, the district judge did two things. In fact, all the cases they did, the district court did two things. First, they rejected the magistrate's finding. And the second thing, the district court made a credibility ruling of his own. All the cases, including Johnson v. Spoon, which this court asked us to take a look at, every case, it was the same thing. Mr. Williams, in those cases, the court said in Johnson and Hill and Boyd, the message from the court of appeals is you can't do that. You can't overrule a credibility finding made by a judicial officer who's looking at the witness on the basis of nothing more than your review of the cold record. If you think there's a problem, you've got to make your own credibility assessment by having a hearing. Isn't that the import of those decisions? I believe so. Okay. And that didn't happen here, right? The court here didn't make a credibility ruling. Right. The court accepted the credibility ruling that was made by the magistrate judge, correct? Right. Okay. So if the magistrate judge's credibility ruling is, as the district court put it, subjectively the prosecutor doesn't believe that he had a race-conscious motive, and he doesn't recall ever having struck anybody on that basis, if that's the credibility finding made by the magistrate judge and accepted by the district court judge, why doesn't that end this challenge by Mr. Coombs? Because Bassett is about race-conscious jury strikes. Well, it's possible that Mr. Coombs subjectively believed that he didn't utilize race in his case. But it's the same case. This court ordered the district court to look at all the evidence. And when we look at all the evidence, it goes against that. I mean, he still may not have believed. Well, see, that's where I'm struggling and have been struggling with your argument, Mr. Williams, because when you say he may have believed it, the court, the finding is he did believe. He did believe that his motivation was race-neutral. And since Bassett is expressly about race-conscious behavior, it isn't the subjective state of mind of the prosecutor the thing that governs. If he doesn't believe he was race-conscious and he wasn't credibly saying, I wasn't race-conscious, how do you get over, how do you get past the language of Bassett, which says it's about the race-conscious use of preemptive strikes? Because Bassett requires that you not only believe that you didn't have race as a basis, it requires you to give specific reasons. This assistant attorney didn't give us specific reasons. He said he felt uncomfortable with the person. He has a preemptory challenge, and oftentimes prosecutors use it, and I guess defense witnesses can use preemptory challenges because they just feel uncomfortable with, you know, you think somehow this person is going to be against me, whatever it might be. Who knows what the reasons are? You don't have to have a reason. It's preemptory. He said I didn't like him. I mean, we know from Bassett you can't do it because of race. But he said, right, he didn't like him. And the magistrate judge found that that wasn't necessarily because of race. When Mr. Kramer got to the evidentiary hearing, he had no independent recollection of why he did not. He did not deny that he said he had no recollection of Mr. Malin. The conversation that he had with Mr. Malin said in the first trial that somebody who was on the jury was an African-American woman, I believe, and said she wouldn't convict. And Kramer said he didn't have any recollection of that. So, in effect, that's in. But then the question becomes, was Mr. Kramer, in effect, using that preemptory challenge because of race? And the magistrate judge said no. And if you're going to get around that, it's pretty tough unless you take it direct on. I realize the district judge here said I'm assuming that that's the case. So be it. But it looks like you really, in light of Boyd and Hill, if you're implicitly challenging, one could argue, credibility, that you need to have an evidentiary hearing. Well, Boyd, and let's take Boyd. Okay. Boyd was really the side over Strickland that the magistrate said that Boyd has not met his burden of showing prejudice under Strickland. The district court said, yes, he did. That's right on the credibility issue. And in this case, the prosecutor said, I don't like the juror, and admitted that he didn't really have a solid reason. If you found that there's prejudice, that's not a credibility issue. I mean, that's something different than you can accept that the person did something right or wrong under Strickland in terms of doing their duty. But then the question is, even if they were wrong in how they went about their job, was there prejudice to the defendant? Well, the Third Circuit said that a prejudice determination is a credibility issue. Where does it say that? It said it in Strickland. I'm really sorry. It said it in Boyd. Okay. What page are you on in Boyd? I'm sorry. I don't have it. I was looking at my notes. Because prejudice determination is a credibility determination. Determination is what the Third Circuit said in Boyd. You might be right, but you've got to tell me where it is. I'm sorry. Do you have a copy at your desk? Maybe afterwards you can look at it. Yes. Can I ask you something about what you were saying just a moment ago, immediately before that question from Judge Ambrose? You said he didn't remember, the prosecutor didn't remember. But in reading the transcript of this, I'm on page 113 of the appendix, this is the way the exchange actually appears. The direct examination, I believe it's Ms. Lorber asking the questions, says, I'd like to direct your attention to page 75. Does that refresh your recollection at all as to the reasons you struck? Yes. Mr. Mattson. And I took that to be a statement by Mr. Kramer that, you know, this happened ten years ago. He didn't have an independent recollection, but his recollection was refreshed in looking at the documents, and he was prepared to testify about his refreshed recollection. But you actually objected to it and said, I just want him to read it, and he read. So I guess my question to you is, can you really be heard to complain now that he talked about what he read, instead of his refreshed recollection, when it was your objection to his refreshed recollection that kept that testimony from being explicated more thoroughly on the record? Well, in the first instance, he never gave a reason, a specific reason. He said, I didn't like him, something about the way he was looking at me. If that's a sound reason, it's what he said. Then when we got to the evidentiary hearing, he was first asked, do you have an independent recollection? He said no. Then he was allowed to refresh his recollection. So he's still basing it on his first explanation. Okay. And now let's take that as a given, that he doesn't, I didn't like the way he was looking at me, something like that. If one accepts the assertion that he made, which is that didn't mean anything racial, and that the magistrate judge accepted that that doesn't mean anything racial, what is wrong with a prosecutor exercising a peremptory strike by saying, I just don't like that, I don't like the vibe I'm getting from that person. Isn't that what peremptory strikes are about? Assuming that the race piece is out of it. If you look at it separately, you're right. But if you consider he used, the prosecutor used 6.3 challenge 5 against African Americans. If you consider the notes that we had introduced at the evidentiary hearing of his conversation with the juror, that he totally contradicts himself at least five times over. If you consider anything, you've had a murder. Well, and I don't want to speak for Ms. Lorber, she'll speak for herself, but I assume her response would be, well, that's saying you disagree with the magistrate judge's credibility determination. The magistrate judge had all that there in court and understood all that. You're just saying you disagree with how the judge came out on that credibility determination. But that doesn't mean the credibility determination didn't occur. It occurred, and the judge said, I believe him. Well, I agree with the district court. And the district court simply said that he didn't give a specific reason. In fact, the third circuit said he gave a vague, illusory reason. Yeah, but that was before we sent it back, right? It was sent back specifically so that there could be a record developed. And a record was developed, and a credibility finding was made on the basis of that developed record, which we asked for in Coons 1. So if that's, you know, having done what we told the courts to do in making a credibility assessment, what more would be gained, or how would there be further assistance for appellate review by sending it back again? They did what we told them to do. We got a ruling. It's back up here. Well, if we don't send it back again, there will be a serious due process violation. Great. Tell us what that is. That's what I'm trying to find out. What's the due process violation? Well, the district court here found that Mr. Coons met his goal of showing that if more can be done, that at least one jail was ruled because of race. If you don't send it back, you just institute the magistrate's determination, then Mr. Coons really is out of it. He gets no chance to get a new trial, which the district court said he shouldn't have, because his 14th Amendment rights were violated. Yeah. If the district court's decision was made on an erroneous factual basis, does that mean that if the district court's ruling in Mr. Coons' favor was made on an erroneous factual basis, is he deprived of due process because that erroneous factual basis is rejected now? No. If the district court was wrong, no. But is that what Hill tells us we're supposed to do? Only if the district court relates a credible ruling, which this district court didn't do, should it go back. And even then, if you can look at Hill, Boyd, almost all the cases, including Johnson, they gave another opportunity to go back to the district court for another hearing. This would probably be the only case that I would worry was something that you wouldn't go back. I agree that this is unusual, but part of what makes this unusual is the district court says, I'm accepting the credibility finding. That's not like any other case, is it? No, but what did the district court accept? That Kramer subjectively believes that he didn't discriminate. That's what they accepted. So I guess I put it to you this way. If we were to believe that Batson lays down a rule that says race conscious use of preemptive strikes means subjectively you had a conscious racial motive in using the strike, if that's what Batson means, are we done once we agree with the district court and the magistrate judge that Mr. Kramer didn't have that subjective path? I don't think the district court said that Mr. Kramer had a subjective race conscious motive. I think the district court did use some liminal bias possibility. She did, but the judge didn't say that that was the reason. The judge simply said that that's what, in terms of the race conscious motive, could have been the reason, but since he didn't give a specific reason, that's the only thing, that's the only credit she can give to that. I think that all that she was saying. Before you sit down, there's no need to get back to me on Boyd. I think you're right. Boyd was a case where the district judge went against the magistrate judge on the prejudice prong of Strickland. Hill was a credibility determination, but in both cases where you have a district judge not adhering to or not following what a magistrate judge recommends in a report and recommendation, the court is saying that you need to have an evidentiary hearing. Here, the question is, did the court need to have some type of evidentiary hearing in order to do that, rather than to look at a cold record, and that was the problem in both Boyd and Hill. If you look at a cold record, 2254E2 appears to require more. Final question for you, and both of you. If we were to remand Boyd, which dealt with Strickland, Hill, which dealt with credibility determination, must we remand to a new judge? Boyd did. Hill didn't. Boyd dealt with Strickland. Hill did not. There we said we will remand to a district judge, but is it really mandatory? I don't know the answer. I don't think it's mandatory, and I don't think it's plausible in this case, because this case was before this district judge twice. The first time she moved against us. The second time she moved in our favor. That's sort of silence to me. It would seem to be an argument that it should just go back to this district judge. Yes. Okay. Let's see what Ms. Mortimer thinks about that as well. Thank you, sir. Thank you. If you would pick up with that last point first. Yes, Your Honor. I think in this particular instance, there is a serious danger of at least the appearance of impropriety, just as was the case in Boyd. Can you expand on that as to what would be the appearance problem? I mean, she's ruled twice in this, right? They got one. They got one. Sounds like. Well, you know, I think, Your Honor, that it would place the district court in quite a difficult position. She's now already ruled that after the record has been developed, that Mr. Coons, in her view, is deserving of relief under Batson. If she were to hold her own hearing and then deny relief, it could seem that she was disregarding her own prior reading of the facts. No, because the one thing the hearing would develop is she would hear Mr. Kramer's testimony and decide whether she thought he was credible or not credible as to his reasons. And if she found him not credible, then on that basis, having heard him, she could overrule the magistrate. If she found him credible, then she would have to, I think, affirm the magistrate, right? Well, the only problem with that in this particular instance, Your Honor, is that as Judge Jordan pointed out, her opinion states already that she's accepting the credibility determination, that the prosecutor believes that he would never, and did not in this case, stroke on the basis of race. Okay, if she accepts that, do we have to go any further? Well, it's my position that the result of that is that we shouldn't bother sending it back for another hearing, and that in these unique circumstances, we can simply say that we can reverse and remand, but only with instructions to deny relief in light of the binding determinations of the magistrate judge. But, you know, I think that the case, having been back and forth so many times at this point, it might avoid the appearance of impropriety to send it to a different district court judge if this court holds that a new hearing is an option that must be on the table. Thank you very much. Thank you to both counsel for well-presented arguments. We'll take the matter under advisement and recess.